UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JONATHAN BROWN,

                           Plaintiff,

                -against-                                    **ORDER**
                                                                    21 CV 2442 (LDH) (CLP)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On May 2, 2021, plaintiff Jonathan Brown ("plaintiff") commenced this action against the Commissioner of the Social Security Administration ("Commissioner"), alleging that he was wrongfully denied Disability Insurance Benefits. (ECF No. 1). On March 14, 2022, the Honorable LaShann DeArcy Hall So Ordered the parties' stipulation, reversing and remanding the Commissioner's decision for further administrative proceedings. (ECF No. 15).

Currently pending before this Court is plaintiff's Motion for an award of attorney's fees, pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 21). For the reasons set forth below, the Court grants the motion.

BACKGROUND

Plaintiff Brown, a 50-year-old former plumber, applied for Disability Insurance Benefits on June 19, 2019. (Bowes Decl.[1] ¶ 4). Following the denial of his application for benefits, plaintiff requested a hearing before an administrative law judge. (Id. ¶ 5). By Notice of

---

[1] Citations to "Bowes Decl." refer to the Declaration of Christopher James Bowes in Support of Plaintiff's Motion for Approval of the Contingent Fee Agreement Pursuant to 42 U.S.C. 406(b) (ECF No. 22).

Decision dated September 2, 2020, the Administrative Law Judge Michelle Allen denied plaintiff's claims, and plaintiff then requested Appeals Council review. (Id. ¶¶ 7, 8). On February 25, 2021, the Appeals Council denied review. (Id. ¶ 9).

Plaintiff then engaged Mr. Bowes to file a civil action in federal court challenging the final administrative decision denying his application for disability benefits under the Social Security Act. (Id. ¶ 11). Plaintiff entered into a contingent fee agreement with Mr. Bowes whereby, upon a favorable determination, plaintiff agreed to pay counsel attorney's fees equal to twenty-five percent (25 %) of the past due disability benefits payable to plaintiff and his auxiliary beneficiaries. (Id. ¶ 11; Ex. A[2]). The Agreement further provided that if counsel was awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "those fees will offset my fee obligations" under the Agreement. (Ex. A).

On May 2, 2021, plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g)[3] and 1383(c)(3), appealing the Commissioner's decision to deny plaintiff's claim for disability insurance benefits. (ECF No. 1). Plaintiff filed a Motion for Judgment on the Pleadings, after which the Commissioner reconsidered her litigation position and offered to remand plaintiff's case for additional administrative proceedings. (ECF No. 14). On March 22, 2022, the court So-Ordered the parties' motion to remand the case for further proceedings. (ECF No. 15).

On June 15, 2022, counsel for plaintiff moved for reasonable attorney's fees under EAJA, and the Commissioner settled the fee issue for $7,200. (Id. ¶ 14; Ex. B).

Following several additional hearings, plaintiff was ultimately found disabled in March 2025 and on May 14, 2025, counsel received the May 12, 2025 Notice of Award from the Social

---

[2] Citations to "Ex. A" refer to the April 28, 2021 Contingent Fee Agreement attached as an exhibit to the Declaration of Mr. Bowes. Citations to "Ex. B" refer to the time records attached as an exhibit to the Bowes Declaration. Citations to "Ex. C" refer to the Notice of Award attached as an exhibit to the Bowes Declaration.
[3] Section 405(g) is made applicable to final determinations regarding SSI benefits by 42 U.S.C. § 1383(c)(3).

2

Security Administration, relating to plaintiff's total past due benefits payable for the period March 2019 through February 2025. (Id. ¶¶ 15, 16; Ex. C).

The Notice of Award letter advised that the Social Security Administration had withheld $44,844.75 from plaintiff's past due benefits to pay a possible attorney fee request. (Gov't Ltr.[4] at 1). This amount represents 25% of plaintiff's past-due benefits. (See Pl.'s Mem.[5] at 2).

On May 28, 2025, plaintiff filed the instant motion seeking $44,844.75 in attorney's fees under Section 406(b). (ECF No. 24). In the application, counsel notes that under the Agreement, plaintiff is entitled to a credit in the amount of $7,200, representing the amount already received by counsel pursuant to EAJA. (Pl.'s Mem. at 2). On June 9, 2025, the Honorable LaShann DeArcy Hall referred the motion to the undersigned. (Docket Order, dated June 9, 2025).

## DISCUSSION

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).

A. Timeliness of Application

Before considering the substance of plaintiff's motion, the Court must determine whether the motion is timely. Here, plaintiff's Notice of Award letter was issued on May 12, 2022, and received on May 14, 2025. The instant motion was filed on May 28, 2025, 13 days after receipt of the Notice of Award letter. (Gov't Ltr. at 1). The Second Circuit applies Rule 54(d)(2)(B)'s

---

[4] In its letter filed June 10, 2025 ("Gov't Ltr.") (ECF No. 25), the government notes that the Commissioner has no direct financial stake in the outcome of counsel's motion and acts more like a "trustee for the claimants." (Id. at 1 (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002))). Thus, the Commissioner takes no position on the request for fees under Section 406(b). (Id.)
[5] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion Seeking Approval of the Contingent Fee Agreement Under 42 Section 406(b) (ECF No. 23).

3

14-day time limit to the filing of attorney's fees requests under Section 406(b), Sinkler v. Berryhill, 932 F.3d 83, 87–88 (2d Cir. 2019), but recognizes that "district courts are empowered to enlarge that filing period where circumstances warrant." Id. at 89 (citing cases) (noting also that Rule 54(d)(2)(B) "expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise'").

Here, the motion was filed within the 14-day time limit set by Rule 54. Accordingly, the Court deems the motion timely.

  B.  Reasonableness of Fee Request

The Court must now determine whether the requested fees are reasonable. See Gisbrecht v. Barnhart, 535 U.S. at 807–08; Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). If the requested fee is based on a contingency fee agreement, it should be enforced unless the agreement is unreasonable. Wells v. Sullivan, 907 F.2d at 372.

Although use of the lodestar method became popular in the context of "federal-court adjudication of disputes over the amount of fees properly shifted to the loser in [a] litigation," the Supreme Court in Gisbrecht v. Barnhart held that the reasonableness check of Section 406 was not intended to "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 802, 807. This is because Section 406(b) authorizes "fees payable from the successful party's recovery." Id. at 802. Rather than a complete bar, Section 406(b) merely establishes a limit on contingency agreements, with the Supreme Court explaining that "[g]iven the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." Gisbrecht v. Barnhart, 535 U.S. at 805. See also Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir.

4

2022) (citing Wells v. Sullivan, 907 F.2d at 371) (explaining that "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations") (internal quotation marks omitted).

When conducting a reasonableness analysis, courts consider the following factors: (1) whether the contingency percentage falls within the 25% cap set by Section 406(b), see, e.g., Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that Section 406(b) "does not displace contingent-fee agreements" so long as the agreed-to fee comprises no more than 25% of a claimant's past-due benefits); (2) the character of counsel's representation and the achieved result (id. at 808); (3) whether counsel is responsible for undue delay (id.); (4) whether there has been fraud or overreaching in making the agreement; and (5) whether the requested amount is so large as to constitute a windfall to the attorney. See Fields v. Kijakazi, 24 F.4th at 853 (citing Gisbrecht v. Barnhart, 535 U.S. at 807 and Wells v. Sullivan, 907 F.2d at 372).

To provide further clarity on the windfall factor, the Second Circuit in Fields v. Kijakazi advised that this factor "does *not* constitute a way of reintroducing the lodestar method" and that courts must consider "more than the de facto hourly rate" to determine whether there is a windfall that renders a Section 406(b) fee unreasonable in the context of a particular case. Id. at 854 (emphasis in original). The Court in Fields v. Kijakazi instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level[,]" (3) the claimant's satisfaction, and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

In the instant case, the Social Security Administration withheld $44,844.75 from plaintiff's past due benefits payable to plaintiff for the period March 2019 through February 2025 to pay a possible attorney fee request. (Gov't Ltr. at 1). This represents 25% of plaintiff's past-due benefits of $179,379. (See Ex. C at 5) Thus, the requested contingency fee falls within the 25% cap set by Section 406(b).

Counsel represents that the Firm expended 35.2 attorney hours on plaintiff's case before the District Court. Based on counsel's representations and the amount withheld by the Social Security Administration, counsel will receive a de facto hourly rate of $1,274 if the motion is granted.[6] (Pl.'s Mem. at 4). Although higher than hourly rates commonly awarded in this district under a typical lodestar analysis, this rate falls "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit" when awarding fees under Section 406(b). Gentile v. Kijakazi, No. 21 CV 641, 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving a de facto hourly rate of $1,750 and collecting cases that approved hourly rates between $1,072.17 to $2,100.00).

Beyond the de facto hourly rate, the Court's analysis of the record supports a finding that the Agreement is reasonable, and that the requested fee does not constitute a windfall to plaintiff's counsel. Counsel represents that he graduated from law school in 1994, and has practiced for 30 years, representing over 2,000 claimants, litigating over 1,000 Social Security cases in federal court, and providing training to other attorneys in handling these cases. (Bowes Decl. ¶¶ 31-32). Moreover, it is evident that counsel achieved an excellent result for plaintiff, who was established as disabled and awarded $179,379 in past-due benefits because of counsel's

---

[6] In plaintiff's Memorandum of Law, counsel states that the de facto hourly rate is $1,274 which he arrived at by dividing $44,844.75 by 35.2. (Pl.'s Mem. at 5).

representation.[7] There is no indication from the record that counsel was responsible for any undue delay in this matter, and the Agreement appears to be standard in this field rather than the result of fraud or overreach on counsel's part.

As for the measure of satisfaction of the claimant, there is no evidence that plaintiff was dissatisfied with the results achieved, since he is now entitled to tens of thousands of dollars in past-due benefits. See Fields v. Kijakazi, 24 F.4th at 855 (noting that there was no indication in the record that the claimant had objected to the fee amount, despite having a direct financial stake in the fee determination). Furthermore, counsel asks the court to consider the "risk of non-payment" that an attorney assumes in contingent fee arrangements, and argues that the contingent nature of the fees and the uncertainty of a favorable result for plaintiff must be taken into account in considering the fee request. (Pl.'s Mem. at 7 (citing Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see also Morrison v. Saul, No. 16 CV 4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019)). The Court agrees.

In sum, the Court finds that the Contingent Fee Agreement executed by plaintiff was both reasonable and in line with the congressional limitations placed on Section 406(b) awards. The requested fee is also reasonable, and it would not result in a windfall to counsel.

Finally, the Court notes that because counsel previously received an EAJA fee award of $7,200, which Judge DeArcy Hall awarded to plaintiff on June 28, 2022 (ECF No. 20), counsel has asked that the Court order the Commissioner to disburse a fee award in the amount of

---

[7] The Firm's representation included drafting a successful, persuasive Motion for Judgment on the Pleadings (see ECF No. 10), after which the Social Security Administration stipulated to remand the case for further administrative proceedings instead of filing papers in opposition (see ECF No. 14).

$37,644.75, representing the difference between the amount set aside for the Section 406(b) award[8] and the $7,200 previously awarded pursuant to EAJA. (Pl.'s Mem. at 7).

## CONCLUSION

Accordingly, the Court grants plaintiff's motion and Orders that plaintiff's counsel be awarded $37,644.75 in attorney's fees pursuant to Section 406(b)(1)(A) of the Social Security Act.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 29, 2025              /s/ Cheryl L. Pollak
                                Cheryl L. Pollak
                                United States Magistrate Judge
                                Eastern District of New York

---

[8] The Court notes that at one point in counsel's Memorandum of Law, counsel asks the court to approve a fee of $52,135.50. This appears to be a typographical error, particularly since all other references to the amount withheld for the Section 406(b) award are listed consistently as $44,844.75 and the final award amount crediting the $7,200 is also consistent with the $44,844.75 amount. (See Pl.'s Mem. at 7).